**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ROBERT GLEN MYERS,                    )
                                      )
                Plaintiff,            )
                                      )
        vs.                           )        Case No. 4:25-cv-0209-MTS
                                      )
AMRUT FUSION LLC,                     )
                                      )
                Defendant.            )
                                      )

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff's Motion for Extension of Time to Serve
Defendant.  Plaintiff filed this action 101 days ago.  Pursuant to Federal Rule of Civil
Procedure 4(m), if a defendant is not served within ninety days after the complaint is filed,
the Court "must dismiss the action without prejudice against that defendant" or "order that
service be made within a specified time."  Fed. R. Civ. P. 4(m).  On May 27, 2025,
consistent with Rule 4(m), the Court ordered that service be made and proof of service filed
by Tuesday, June 03.  Doc. [8].

In response, Plaintiff filed the instant Motion seeking more time.[*]  Rule 4(m)
provides that if a plaintiff "shows good cause" for the failure to serve a defendant, then the

---

[*] The Court notes that Plaintiff only sought more time *after* his ninety-day deadline had passed
and *after* the Court alerted him to this fact.  "Ordinarily, [a] plaintiff must file a motion to extend
the time limit for service, rather than wait for the period to elapse."  *Fedele v. INEOS Pigments
USA*, 1:24-cv-01225-PAB, 2025 WL 50240, at *8 (N.D. Ohio Jan. 8, 2025); *accord Young v.
Lumkin Highway Contracting*, 2:24-cv-198-TFM-B, 2025 WL 1454106, at *2 (S.D. Ala. May 21,
2025) (explaining the "proper course of action is to request an extension in advance, not to merely
ignore" a deadline); *SCHST, Inc. v. Certain Underwriters at Lloyd's, London*, 4:21-cv-02935,

district court must extend the time for service for an appropriate period.  Fed. R. Civ. P. 4(m).  "There is no comprehensive definition of what constitutes good cause sufficient to warrant a mandatory extension under Rule 4(m)."  *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 613 (8th Cir. 2003) (per curiam).  But "[a] showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules."  *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996).

In his Motion, the only justification Plaintiff provided is the representation that, at some unidentified point in time, he "noticed that the Complaint filed in this case is not the same Complaint that had been provided to the process server."  Doc. [9] ¶ 4.  *But see AIG Managed Mkt. Neutral Fund v. Askin Cap. Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000) ("A delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause.").  Serving a summons with a copy of the wrong complaint indeed would be an issue, *see* Fed. R. Civ. P. 4(c)(1), but here, it seems to be a red herring.  Plaintiff did not represent that he ever attempted to have a summons and *any* complaint served on Defendant at all.  The fact that, at some unidentified point in time, Plaintiff provided the wrong complaint to a process server does not provide a reasonable basis for noncompliance with Rule 4(m)'s deadline.

---

2024 WL 2866393, at *1 (S.D. Tex. Feb. 20, 2024) (explaining a plaintiff is "expected to proactively seek an extension of time if it will not be able to comply with a deadline"); *see also McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196–97 (3d Cir. 1998) (affirming Rule 4(m) dismissal where plaintiff failed to seek "an extension of time *before* the time allotted under the Rules had lapsed").

Indeed, there is no indication that Plaintiff ever had service attempted at all, be it with the right or wrong complaint. He has not, in any way, shown he has been diligent. *See Bryant v. Brooklyn Barbeque Corp.*, 130 F.R.D. 665, 667 (W.D. Mo. 1990) (noting most courts have concluded that "good cause will be found only if plaintiff has been diligent in attempting to serve the complaint"); *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019) ("Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs."); *cf. Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (explaining, albeit in another context, that the primary measure of "good cause" is the movant's diligence in attempting to meet the deadline). Therefore, the Court concludes that Plaintiff's Motion has failed to show a reasonable basis for noncompliance with Rule 4(m).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time to Serve Defendant, Doc. [9], is **DENIED**.

Dated this 2nd day of June 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE